1  FRANK S. MOORE, SBN 158029
   Law Offices of Frank S. Moore, APC
2  235 Montgomery Street, Suite 440
   San Francisco, California 94104
3  Telephone:     (415) 292-6091
   Facsimile:     (415) 292-6694
4  fsmoore@pacbell.net

5  Attorney for Creditors WEN FANG WANG,
   FRANK MOORE, MICHELLE MELEN
6

7

8

9              UNITED STATES BANKRUPTCY COURT

10   IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

11  XIAOYONG LAI,                          )  No. 23-51382
                                           )
12        Debtor.                          )  Judge Stephen L. Johnson
                                           )
13  _____       )  Chapter 11
                                           )
14  WEN FANG WANG, FRANK MOORE,            )  Adv. Proceeding Case No. 23-05101
    MICHELLE MELEN,                        )
15                                         )  **MOTION FOR RELIEF FROM THE**
          Plaintiffs,                      )  **AUTOMATIC STAY; MEMORANDUM OF**
16                                         )  **POINTS AND AUTHORITIES IN**
          vs.                              )  **SUPPORT**
17                                         )
    XIAOYONG LAI,                          )
18                                         )  Hearing date:  January 9, 2024
          Defendant.                       )  Time: 10:00 a.m.
19  _____       /  Place.: Courtroom 9
                                           )
20  XIAOYONG LAI AND UNITED STATES         )       Hon. Stephen L. Johnson
    TRUSTEE,                               )
21                                         )
          Respondents.                     )
22                                         )
    _____       /
23

24        TO DEBTOR XIAOYONG LAI and UNITED STATES TRUSTEE: PLEASE TAKE

25  NOTICE that creditors WEN FANG WANG ("WANG"), FRANK MOORE ("MOORE") and

26  MICHELLE MELEN ("MELEN") (collectively, "CREDITORS") file this motion requesting relief

27  from the automatic stay, the details of which are as follows:

28

Case: 23-51382   Doc# 24   Filed: 12/11/23   Entered: 12/11/23 13:42:53   Page 1 of 30

1 • Debtor XIAOYONG LAI ("LAI") filed the instant Chapter 11 action (Case No.
2 23-51382) on November 29, 2023 along with a Notice of Stay filed in the Santa Clara
3 Superior Court in the case titled LAI v. WANG, et al., Santa Clara County Superior
4 Court Case No. 17CV308093.
5 • CREDITORS filed an Adversary Proceeding Complaint (Case No. 23-05101) on
6 December 6, 2023 [Dkt. 1].
7 • As stated in the Adversary Proceeding Complaint (Case No. 23-05101),
8 CREDITORS were awarded attorneys' fees and costs pursuant to Code of Civil
9 Procedure section 425.16, subdivision (c), California's anti-SLAPP statute in a
10 tentative ruling issued on November 20, 2023 and adopted on November 21, 2023
11 after completion of a hearing entertaining LAI's oral argument [Dkt. 1, p. 1]
12 (November 21, 2023 Tentative Ruling – Exhibit K to Adversary Proceeding
13 Complaint) [Dkt. 1-11]. A true and correct copy of the November 21, 2023 Tentative
14 Ruling is attached as Exhibit A to the Declaration of Frank S. Moore ("Moore Decl.")
15 filed herewith.
16 • The Santa Clara Superior Court issued a minute order on November 21, 2022, stating
17 in relevant part: "The motion of defendants for $169,200.00 in attorneys fees and
18 $4,703.12 in costs is GRANTED in its entirety." A true and correct copy of the Santa
19 Clara Superior Court's November 21, 2023 Minute Order is attached hereto as
20 Exhibit B Moore Decl.
21 • Also as stated in the Adversary Proceeding Complaint (Case No. 23-05101), creditors
22 prepared a proposed Order which was pending the Honorable Socrates P.
23 Manoukian's signature on November 27, 2023 [Dkt. 1, pp. 1-2] (November 27, 2023
24 Proposed Order – Exhibit L to Adversary Proceeding Complaint) [Dkt. 1-12].
25 • On December 7, 2023, CREDITORS filed their Proof of Claim in the Chapter 11
26 (Case No. 23-51382) in the amount of $173,903.12, the amount of the attorneys' fees
27 and costs, said Proof of Claim supported by the November 21, 2023 Tentative Ruling
28

In re XIAOYONG LAI                                                                                    Chapter 11 Case No. 23-51382
WANG, et al., v. XIAOYONG LAI                                                          Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

Case: 23-51382    Doc# 24    Filed: 12/11/23    Entered: 12/11/23 13:42:53    Page 2 of 30

2

1    referenced above [Dkt 1 Claims Register].

2    •    On December 8, 2023, the Santa Clara Superior Court in the case titled *LAI v. WANG,*

3    *et al.,* Santa Clara County Superior Court Case No. 17CV308093 served upon

4    CREDITORS and LAI (and his counsel) a signed order granting the attorneys' fees

5    and costs of $173,903.12 that was pending the signature of Judge Manoukian

6    ("December 8, 2023 Order"). A true and correct copy of this December 8, 2023

7    Order is attached hereto as Exhibit C to Moore Decl.

8    •    The Santa Clara Superior Court's November 21, 2023 Minute Order (Exhibit B) also

9    states, as follows: "The matter will be set for Dismissal Review on 28 February 2024

10   at 10:00 AM in this Department 20."

11

12       WHEREFORE, it appearing that the act of the Superior Court in signing and entering the

13   Order of December 8, 2023, granting the attorneys' fees and costs of $173,903.12 could be

14   construed as violating the automatic stay.

15       ACCORDINGLY, CREDITORS hereby seek relief in the form of a motion for the following

16   relief:

17   1.    For this bankruptcy court to determine that the December 8, 2023 Order (Exhibit C)

18         meets the "ministerial act exception" to the general rule that a non-bankruptcy court

19         civil order is void when entered against a debtor after he or she files for bankruptcy

20         and that the postpetition entry of that order did not violate the automatic stay;

21   2.    To afford CREDITORS permission to file and serve a Notice of Entry of Order of the

22         December 8, 2023 Order (Exhibit C) pursuant to Code of Civil Procedure section

23         664.5;

24   3.    To afford CREDITORS permission to send to Judge Manoukian a Proposed

25         Judgment to be entered in *LAI v. WANG, et al.,* Santa Clara County Superior Court

26         Case No. 17CV308093 (a true and correct copy of which is attached hereto as Exhibit

27         D to Moore Decl.) for Judge Manoukian to either adopt, modify or substitute as he

28

*In re XIAOYONG LAI*                                                    *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                         Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

Case: 23-51382   Doc# 24   Filed: 12/11/23   Entered: 12/11/23 13:42:53   Page 3 of 30              3

1    sees fit as a further ministerial act exception as well as a Notice of Entry of Judgment;

2    or, alternatively,

3    4.    To afford CREDITORS a temporary lift of the automatic stay to effectuate

4    paragraphs 2 and 3, above.

5

6    There are no further legal issues concerning the merits of whether LAI's lawsuit against

7    CREDITORS was a SLAPP suit that are pending in *LAI v. WANG, et al.,* Santa Clara County

8    Superior Court Case No. 17CV308093, the case has been pending for over six (6) years since April

9    3, 2017 and there is good cause to allow a judgment to be entered in the Santa Clara County

10   Superior Court for the reasons set forth below.  In the event this Court determines the better course

11   is to temporarily lift the automatic stay for further proceedings, CREDITORS submit that they have

12   met the requirements to demonstrate the existence of equitable cause for such a lift.

13

14   Dated: December 11, 2023                         Law Offices of Frank S. Moore

15

16                                                    */s/Frank S. Moore*

17                                                    Frank S. Moore
                                                     Attorney for Creditors
18                                                   WANG, MOORE and MELEN

19

20

21

22

23

24

25

26

27

28

*In re XIAOYONG LAI*                                                    *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                               Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

Case: 23-51382    Doc# 24    Filed: 12/11/23    Entered: 12/11/23 13:42:53    Page 4 of 30

4

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

A.  The Law Governing Automatic Stays and the "Ministerial Act Exception" . . . . . . . . . . . . . 1

    1.  The Ninth Circuit Has Recognized and Adopted the "Ministerial Act Exception" to 11 U.S.C. § 362(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    2.  The December 8, 2023 Order by the Santa Clara Superior Court Meets the "Ministerial Act Exception" to 11 U.S.C. § 362(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    3.  The Proposed Judgment CREDITORS Seek to Present for Signing and Filing in the Santa Clara Superior Court the Proposed Judgment Which Likewise Meets the "Ministerial Act Exception". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B.  Alternatively, a Number of Equitable Factors Recognized by Bankruptcy Courts Warrant a Temporary Lifting of the Automatic Stay to Enter Final Judgment in *LAI v. WANG, et al.,* Santa Clara County Superior Court Case No. 17CV308093 . . . . . . . . . . . . . . . . . . . . . 6

    1.  Only the Bankruptcy Court Has Authority to Grant Relief From the Automatic Stay . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    2.  Good Cause Exists to Lift the Automatic Stay to Allow Entry of Judgment . . . . . . . 8

        (a)  Allowing a Judgment to be Entered in the Santa Clara Superior Court in *LAI v. WANG, et al.,* Santa Clara County Superior Court Case No. 17CV308093 Favorably Meet Many of the Second Circuit's "*Sonnax* Factors" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        (b)  Allowing a Judgment to be Entered in the Santa Clara Superior Court in *LAI v. WANG, et al.,* Santa Clara County Superior Court Case No. 17CV308093 Favorably Meet All Three Factors Set Forth by the Fourth Circuit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

            (i)  CREDITORS Will Face the Likely Hardship of Uncertainty Over Statutory Rights if the Finality of Judgment as Prevailing Parties Under the anti-SLAPP Statute Remains Unresolved . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

            (ii)  Entering Judgment in Santa Clara Superior Court Involves Only State Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

            (iii)  The Second Fourth Circuit Factor Favors CREDITORS . . . . 18

            (iv)  The Third  Fourth Circuit Factor Favors CREDITORS . . . . . 18

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*In re XIAOYONG LAI*                                         *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                          Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

Case: 23-51382   Doc# 24   Filed: 12/11/23   Entered: 12/11/23 13:42:53   Page 5 of 30

i

# TABLE OF AUTHORITIES

**Cases**

*Bonni v. St. Joseph Health System,*
    11 Cal.5th 995 (2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Brown, Winfield & Canzoneri, Inc. v. Superior Court,*
    47 Cal.4th 1233 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Carpenter v. Jack in the Box Corp.,*
    151 Cal.App.4th 454 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cathey v. Johns–Manville Sales Corp.,*
    711 F.2d 60 (6th Cir.1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Chapala Management Corp. v. Stanton,*
    186 Cal.App.4th 1532 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.,*
    35 Cal.4th 1072 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Constitution Bank v. Tubbs,*
    68 F.3d 685, 691 (3d Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Davenport v. Blue Cross of California*
    52 Cal.App.4th 435 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*David S. Karton, A Law Corp. v. Dougherty,*
    171 Cal.App.4th 133 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Dowling v. Zimmerman,*
    85 Cal.App.4th 1400 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Duvar Apt., Inc. v. Fed. Deposit Ins. Corp. (In re Duvar Apt., Inc.),*
    205 B.R. 196 (9th Cir. BAP 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Estate of Nicholas,*
    177 Cal.App.3d 1071 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Franklin & Franklin v. 7-Eleven Owners for Fair Franchising,*
    85 Cal.App.4th 1168 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Gutierrez v. Girardi,*
    194 Cal.App.4th 925 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Bah,*
    321 B.R. 41 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Benalcazar,*
    283 B.R. 514 (Bankr.N.D. Ill. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re XIAOYONG LAI*                                  *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                      Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

ii

Case: 23-51382    Doc# 24    Filed: 12/11/23    Entered: 12/11/23 13:42:53    Page 6 of 30

*In re Bugna,*
    33 F.3d 1054 (9th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Capgro Leasing Associates,*
    169 B.R. 305 (E.D. N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Elmira Litho, Inc.,*
    174 B.R. 892 (Bankr.S.D.N.Y.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Healy,*
    2013 WL 2308472 (Bankr.E.D. Cal. March 29, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*In re Lee,*
    428 B.R. 667 (Bankr.D.S.C. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Planned Systems, Inc.,*
    78 B.R. 852 (Bankr.S.D.Ohio 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Sonnax Industries, Inc.,*
    907 F.2d 1280 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10, 11, 12, 18

*In re Thomas,*
    2018 WL 6990593 (Bankr.W.D. Tenn. October 18, 2018) . . . . . . . . . . . . . . . . . . . . . . . . 17

*Juge v. County of Sacramento,*
    (1993) 12 Cal.App.4th 59 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Kahn v. Kahn,*
    68 Cal.App.3d 372 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kerkeles v. City of San José,*
    (2015) 243 Cal.App.4th 88 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ketchum v. Moses,*
    24 Cal.4th 1122 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 18

*Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. P'ship),*
    30 F.3d 734 (6th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lewow v. Surfside III Condominium Owners' Assn., Inc.,*
    203 Cal.App.4th 128 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Lockwood v. Sheppard, Mullin, Richter & Hampton,*
    173 Cal.App.4th 675 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lucky United Properties Investment, Inc. v. Lee,*
    185 Cal.App.4th 125 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*McCarthy, Johnson & Miller v. N. Bay Plumbing, Inc. (In re Pettit),*
    217 F.3d 1072 (9th Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*MacDonald v. MacDonald (In re MacDonald),*
    755 F.2d 715 (9th Cir.1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

---

*In re XIAOYONG LAI*                                        *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

Case: 23-51382    Doc# 24    Filed: 12/11/23    Entered: 12/11/23 13:42:53    Page 7 of 30     iii

*Mazzeo v. Lenhart (In re Mazzeo),*
    167 F.3d 139 (2nd Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Monster Energy Co. v. Schechter,*
    7 Cal.5th 781 (2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*No Doubt v. Activision Publishing, Inc.,*
    192 Cal.App.4th 1018 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Oasis West Realty, LLC v. Goldman,*
    51 Cal.4th 811 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ozai v. Tabuena (In re Ozai),*
    34 B.R. 764 (9th Cir.BAP 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*People v. Howie,*
    41 Cal.App.4th 729 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Pista v. Resetar,*
    205 Cal. 197 (1928) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Pursifull v. Eakin,*
    814 F.2d 1501 (10th Cir.1987); *cf. In re Holtkamp,* 669 F.2d 505 (7th Cir.1982) . . . . . . . . 8

*Rexnord Holdings, Inc. v. Bidermann,*
    21 F.3d 522 (2d Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

*Roberts v. Comm'r,*
    175 F.3d 889 (11th Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Robbins v. Robbins,*
    964 F.2d 342 (4th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Santa Clara County Counsel Attys. Assn. v. Woodside,*
    7 Cal.4th 525 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Savers Fed. Sav. & Loan Ass'n v. McCarthy Constr. Co. (In re Knightsbridge Dev. Co.),*
    884 F.2d 145 (4th Cir.1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Soares v. Brockton Credit Union (In re Soares),*
    107 F.3d 969 (1st Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Stanley v. State Bar,*
    50 Cal.3d 555 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sunset Millennium Associates, LLC v. Le Songe, LLC,*
    138 Cal.App.4th 256 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sunshine Development, Inc. v. FDIC,*
    33 F.3d 106 (1st Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Varian Medical Systems, Inc. v. Delfino,*
    35 Cal.4th 180 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re XIAOYONG LAI*                                                 *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                 Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

Case: 23-51382     Doc# 24     Filed: 12/11/23     Entered: 12/11/23 13:42:53     Page 8 of 30      iv

*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*,
    141 Cal.App.4th 15 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Zador Corp. v. Kwan*,
    31 Cal.App.4th 1285 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Docketed Cases**

*LAI v. WANG, et al.*,
    Santa Clara County Superior Court Case No. 17CV308093 . . . . . . . 6, 7, 9, 11, 12, 13, 15, 18

*LAI v. WANG, et al.*,
    Sixth District Court of Appeal Case No. H047118 . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 9, 10

*In re XIAOYONG LAI*,
    U.S. Dist. Bankruptcy Court Case No. 23-51382 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

*WANG, et al., v. XIAOYONG LAI*,
    U.S. Dist. Bankruptcy Court Case No. 23-05101 . . . . . . . . . . . . . . . . 1, 9, 10, 11, 15, 16, 18

**Statutes, Rules and Regulations**

    Bankruptcy Code

        11 U.S.C. § 105(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        11 U.S.C. § 362(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2
        11 U.S.C. § 362(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 8
        11 U.S.C. § 362(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        11 U.S.C. § 362(g)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        11 U.S.C. § 523(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 18
        28 U.S.C. § 1738 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    California Code of Civil Procedure

        Section 425.16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6
        Section 425.16(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 13, 14, 15, 16, 17, 18, 19
        Section 577 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6
        Section 577.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Section 578 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7
        Section 582 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7
        Section 664.5(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
        Section 668 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Section 685.010(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
        Section 685.040 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
        Section 685.070(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
        Section 685.090(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
        Section 917.1(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    California Rules of Court

        Rule 3.1308(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        Rule 3.1312 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re XIAOYONG LAI*                                         *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                          Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

v

Case: 23-51382    Doc# 24    Filed: 12/11/23    Entered: 12/11/23 13:42:53    Page 9 of 30

Rule 3.1312(a) ............................................................. 3
Rule 3.1312(b) ............................................................. 3
Rule 3.1702(b) ............................................................. 15

Santa Clara Superior Court Local Civil Rules

Rule 8(E)................................................................... 2
Rule 16 ................................................................... 3

**Treatises**

3 Collier on Bankruptcy ¶ 362.10, at 362–117
    (Alan N. Resnick & Henry J. Sommers eds., 15th ed. rev.2003) ................. 8

March et al., *Cal. Practice Guide: Bankruptcy*
    (The Rutter Group 2011) ¶ 3:175, p. 3-26 (rev. # 1, 2011) ..................... 16

*In re XIAOYONG LAI*                                              *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                   Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

vi

Case: 23-51382   Doc# 24   Filed: 12/11/23   Entered: 12/11/23 13:42:53   Page 10 of
30

# MEMORANDUM

**A.** **The Law Governing Automatic Stays and the "Ministerial Act Exception"**

A bankruptcy filing imposes an automatic stay of all litigation against the debtor. The bankruptcy automatic stay is created by operation of law and governed by 11 U.S.C. § 362(a). CREDITORS assume, without conceding, that the automatic stay applies to this Chapter 11 proceeding.

Having occurred after the automatic stay went into effect in this Chapter 11 proceeding (Case No. 23-51382), it is beyond cavil that the Santa Clara County Superior Court clerk's entry of the December 8, 2023 Order (Exhibit C to Moore Decl.) occurred after the November 29, 2023 automatic stay. Because CREDITORS' desire to protect their statutory rights should they prevail in the Adversary Proceeding Complaint (Case No. 23-05101), CREDITORS bring this motion for relief from the automatic stay pursuant to and 11 U.S.C. §§ 362(d) and 105(a).

### 1. The Ninth Circuit Has Recognized and Adopted the "Ministerial Act Exception" to 11 U.S.C. § 362(a)

The Ninth Circuit, along with other courts of appeals, has adopted a "ministerial act exception" to the general rule that a non-bankruptcy court civil order is void when entered against a debtor after he or she files for bankruptcy. In *McCarthy, Johnson & Miller v. N. Bay Plumbing, Inc. (In re Pettit),* 217 F.3d 1072, 1080 (9th Cir.2000), the court considered the effect of a federal district court order releasing funds from a court registry account over the objection of a debtor who claimed that the registry funds were property of its bankruptcy estate. Although the district court signed the order releasing the funds before the debtor filed the bankruptcy petition, the clerk of court did not issue the check until after the filing. Relying on the Second Circuit's decision in *Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522, 527 (2d Cir.1994), the Ninth Circuit ruled that the:

> exception [from the automatic stay] for ministerial acts stems from the common sense principle that a judicial "proceeding" within the meaning of section 362(a) of the Bankruptcy Code ends once a decision on the merits has been rendered. Ministerial acts or automatic occurrences that entail no deliberation, discretion, or judicial involvement do not constitute continuations of such a proceeding. We now adopt the ministerial act exception for this circuit[.]

*In re XIAOYONG LAI*                                                                 *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                          Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

1

*In re Pettit,* 217 F.3d at 1079; see also *Roberts v. Comm'r,* 175 F.3d 889, 897 (11th Cir.1999); *Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969, 974 (1st Cir.1997); *Savers Fed. Sav. & Loan Ass'n v. McCarthy Constr. Co. (In re Knightsbridge Dev. Co.),* 884 F.2d 145, 148 (4th Cir.1989).

In *Pettit,* the court cited with approval to a First Circuit case that extended the ministerial act exception to acts of public officials. *In re Soares,* 107 F.3d at 973–74 ("Thus, when an official's duty is delineated by, say, a law or a judicial decree with such crystalline clarity that nothing is left to the exercise of the official's discretion or judgment, the resultant act is ministerial."). Certainly, Judge Manoukian and the clerk of the Superior Court for the County of Santa Clara County are public officials.

**2.     The December 8, 2023 Order by the Santa Clara Superior Court Meets the "Ministerial Act Exception" to 11 U.S.C. § 362(a)**

Here, the issue of the CREDITORS' entitlement to an award of attorneys' fees and costs as prevailing parties under California's anti-SLAPP statute (Cal. Code Civ. Proc., § 425.16(c)) had already been adjudicated on the merits as evidenced by the Santa Clara Superior Court's November 21, 2023 Tentative Ruling issued by Judge Manoukian (Exhibit A to Moore Decl.) Santa Clara Superior Court offers a tentative ruling and requires a notice of intent to appear at an oral hearing as allowed for under Rule 3.1308(a)(1) of the California Rules of Court. Santa Clara Superior Court Local Civil Rule 8(E)[1]; Exhibit A, p. 1.

Under this procedure, a court issuing a tentative ruling may require (i.e., "direct") oral argument or "[i]f the court has not directed argument, oral argument shall be permitted only if a party notifies all other parties and the court by 4:00 p.m. on the court day prior to the hearing of the partys intention to appear." Cal. Rules of Ct., Rule 3.1308(a)(1). This procedure is what Santa Clara Superior Court uses. (See footnote 1.)  It contemplates that a party be given the opportunity to request oral argument because a tentative ruling becomes final only if the court has "not directed oral argument and notice of intent to appear has not been given." Cal. Rules of Ct., Rule

---

[1]     "The Court follows CRC 3.1308(a)(1) for those departments that have elected to issue tentative rulings in civil law and motion and discovery matters." Rule 8(E).

*In re XIAOYONG LAI*                                                                          *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                                   Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

2

3.1308(a)(1).

Here, Santa Clara Superior Court's November 21, 2023 Minute Order documents that LAI did not, in fact, give the Superior Court the proper notice of intent to appear. (Exhibit B, p.1, to Moore Decl. – "No one called to contest the Tentative Ruling.") However, because LAI notified MOORE that he was going to appear, the oral argument commenced on November 21, 2023 and Judge Manoukian nevertheless adopted the tentative ruling he issued. (Moore Decl.) MOORE prepared the Proposed Order pursuant to the directive of Judge Manoukian and as mandated by Rule 3.1312 of the California Rules of Court[2] and Santa Clara County Superior Court Rule 16[3]. (See Exhibit A  – "All proposed orders and papers should be submitted to this Department's e-filing queue.")

As California's Supreme Court has noted, a tentative ruling becomes the final ruling of the trial court after the hearing on the motion is conducted, assuming the court does not then render a different ruling. *Brown, Winfield & Canzoneri, Inc. v. Superior Court,* 47 Cal.4th 1233, 1245

---

[2]

(a) Prevailing party to prepare

Unless the parties waive notice or the court orders otherwise, the party prevailing on any motion must, within five days of the ruling, serve by any means authorized by law and reasonably calculated to ensure delivery to the other party or parties no later than the close of the next business day a proposed order for approval as conforming to the court's order. Within five days after service, the other party or parties must notify the prevailing party as to whether or not the proposed order is so approved. The opposing party or parties must state any reasons for disapproval. Failure to notify the prevailing party within the time required shall be deemed an approval. The extensions of time based on a method of service provided under any statute or rule do not apply to this rule.

(b) Submission of proposed order to court

The prevailing party must, upon expiration of the five-day period provided for approval, promptly transmit the proposed order to the court together with a summary of any responses of the other parties or a statement that no responses were received.

Cal. Rules of Ct., Rule 3.1312(a)-(b).

[3]     "If instructed to prepare an order after a hearing, proposed orders after hearing shall be lodged with the court electronically in PDF format attached to Judicial Council Form EFS-020."  Santa Clara County Superior Court Rule 16.

---

*In re XIAOYONG LAI*                                                                          *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                                       Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

Case: 23-51382   Doc# 24   Filed: 12/11/23   Entered: 12/11/23 13:42:53   Page 13 of 30

3

(2010). Because Judge Manoukian did not change his tentative ruling, the November 21, 2023 Minute Order (Exhibit B) is the operative order finalizing the tentative ruling as contemplated by *Brown, supra.*[4] Between the issuance of the Tentative Ruling by Judge Manoukian (Exhibit A) and the signing of the December 8, 2023 Order (Exhibit C) entailed no deliberation, discretion, or judicial involvement and, therefore does not constitute continuations of such a proceeding. Nevertheless, it is inescapable that the signing of the December 8, 2023 Order (Exhibit C) occurred after the automatic stay in this Chapter 11 proceeding (Case No. 23-51382) went into effect.

CREDITORS respectfully submit that the December 8, 2023 Order by the Santa Clara Superior Court (Exhibit C) meets the ministerial act exception under Ninth Circuit authority cited herein. CREDITORS' request to file and serve a Notice of Entry of Order is likewise ministerial since it involves nothing other than the court clerk filing said notice.

### 3. The Proposed Judgment CREDITORS Seek to Present for Signing and Filing in the Santa Clara Superior Court the Proposed Judgment Which Likewise Meets the "Ministerial Act Exception"

While CREDITORS have refrained from sending the Proposed Judgment (Exhibit D to Moore Decl.) since the automatic stay went into effect, this Proposed Judgment (Exhibit D) was sent to Debtor LAI on November 22, 2023 for review pursuant to and would have been submitted to the Santa Clara Superior Court on December 8, 2023, upon receipt of the December 8, 2023 Order (Exhibit C) since MOORE was simply waiting for the date for the Proposed Order granting the fees and costs to be signed and filed. (Moore Decl.)

"The purpose of the [SLAPP Act] is 'to provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights.' [Citations.]" *No Doubt v. Activision Publishing, Inc.,* 192 Cal.App.4th 1018, 1026 (2011). "Because these meritless lawsuits

---

[4]     Comparing the Tentative Ruling issued by Judge Manoukian (Exhibit A) with the Santa Clara Superior Court's November 21, 2023 Minute Order (Exhibit B) and the December 8, 2023 Order by the Santa Clara Superior Court (Exhibit C) reflects that the substantive ruling by the Santa Clara Superior Court is identical in each document. The only difference between the Santa Clara Superior Court's November 21, 2023 Minute Order (Exhibit B) and the December 8, 2023 Order by the Santa Clara Superior Court (Exhibit C) is that the latter (Exhibit C) reflects, accurately, the historical facts at the beginning indicating that Debtor LAI appeared at the hearing to contest the tentative ruling, made his oral argument and that the Superior Court adopted its tentative ruling. (Exhibit C, p. 1.)

*In re XIAOYONG LAI*                                                                                                    *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                                                    Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

Case: 23-51382    Doc# 24    Filed: 12/11/23    Entered: 12/11/23 13:42:53    Page 14 of 30

4

seek to deplete 'the defendant's energy' and drain 'his or her resources' [citation], the Legislature

sought ' "to prevent SLAPPs by ending them early and without great cost to the SLAPP target" '

[citation]." *Varian Medical Systems, Inc. v. Delfino,* 35 Cal.4th 180, 192 (2005). Accordingly,

"granting a motion to strike under [Code of Civil Procedure] section 425.16 results in the dismissal

of a cause of action *on the **merits*** [citation]...." *Id.* at p. 193 (emphasis added).

Here, LAI also appealed the order granting the special motion to strike rendering it final for

all purposes.  See *Franklin & Franklin v. 7-Eleven Owners for Fair Franchising,* 85 Cal.App.4th

1168, 1174 (2000) ("finality" achieved after "an appeal from the trial court judgment has been

exhausted or the time to appeal has expired"); see also *Lockwood v. Sheppard, Mullin, Richter &

Hampton,* 173 Cal.App.4th 675, 682 (2009) (dismissal after grant of anti-SLAPP motions was "on

the merits"); *Sunset Millennium Associates, LLC v. Le Songe, LLC*, 138 Cal.App.4th 256, 258 (2006)

("The granting of the Code of Civil Procedure section 425.16 special motion to strike terminated the

entire lawsuit as to defendant. Defense counsel submitted a proposed judgment....") See Cal. Code

Civ. Proc., § 582 ("In all other cases judgment shall be rendered on the merits.")

Moreover, the fees and costs awarded to CREDITORS are considered to be the equivalent to

a money judgment. See *Dowling v. Zimmerman,* 85 Cal.App.4th 1400, 1432–1433 (2001) [a

statutory award of attorney fees and costs under subdivision (c) of section 425.16, the anti-SLAPP

statute, is not automatically stayed by the perfecting of an appeal because such an award is not

reciprocal, and therefore not routine costs of suit within the meaning of section 917.1, subdivision

(d)]; *Chapala Management Corp. v. Stanton,* 186 Cal.App.4th 1532, 1542 (2010) (referring to the

*Dowling* exception as the "money judgment exception".)

A judgment is defined by California Code of Civil Procedure section 577 as "the final

determination of the rights of the parties in an action or proceeding." No particular form is

prescribed for a judgment rendered through a motion to strike a complaint under California's anti-

SLAPP statute.  " 'The form of the judgment is of no consequence so long as it may be ascertained

therefrom what rights, if any, of the respective parties in the action have been determined by the

court. The test of its sufficiency must rest in its substance rather than its form. [Citations.]'

*In re XIAOYONG LAI*                                                                    *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                                    Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

Case: 23-51382   Doc# 24   Filed: 12/11/23   Entered: 12/11/23 13:42:53   Page 15 of
30

5

[Citations.]" *Pista v. Resetar,* 205 Cal. 197, 200 (1928).

Thus, such judgments are governed by California Code of Procedure section 577, *et seq. Kahn v. Kahn,* 68 Cal.App.3d 372, 382 (1977). ("Section 577 et seq. of the Code of Civil Procedure deal with the effect to be given judgments in California.") "In any judgment, or execution upon such judgment, the amount shall be computed and stated in dollars and cents, rejecting fractions." Cal. Code Civ. Proc., § 577.5. "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves." Cal. Code Civ. Proc., § 578. California Code of Civil Procedure section 668 mandates that the clerk of the superior court keep, with the records of the court, a book called the "judgment book," in which judgments must be entered.

The content of the Proposed Judgment (Exhibit D to Moore Decl.) simply recounts the byzantine history of the proceedings in *LAI v. WANG, et al.,* Santa Clara County Superior Court Case No. 17CV308093, including initial order by Judge Kirwin on May 9, 2019, the appeal, the opinion and the remittitur issued, the two separate unopposed timely filed memorandum of costs and the award of fees and costs that resulted in the Tentative Ruling issued by Judge Manoukian (Exhibit A) and the signing of the December 8, 2023 Order (Exhibit C). There is nothing in the Proposed Judgment to deliberate or to apply discretion or judicial involvement other than to check the accuracy of the dates and the events recounted therein, a purely ministerial function. See *Rexnord, supra,* 21 F.3d at 527 (finding an act of entry of judgment by court clerk was ministerial act that did not violate the stay). Moreover, any modification or substitution of a judgment Judge Manoukian might use in place and instead of Proposed Judgment (Exhibit D) would remain ministerial given that all the ultimate rights of the parties on each side, as between themselves, have been determined on the merits already by the Santa Clara Superior Court[5] and the Sixth Appellate District Court of

---

[5]    On May 9, 2019, Judge Peter H. Kirwin of the Santa Clara County Superior Court granted the special motion to strike the complaint pursuant to Code of Civil Procedure section 425.16

(continued...)

*In re XIAOYONG LAI*                                                                      *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                              Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

Case: 23-51382    Doc# 24    Filed: 12/11/23    Entered: 12/11/23 13:42:53    Page 16 of 30                                                                                      6

1   Appeals.[6] Cal. Code Civ. Proc., §§ 578, 582. Where entry of a judgment (or other task) is a

2   ministerial act, it does not constitute the "continuation of a judicial proceeding against the debtor",

3   as that phrase is employed by section 362(a)(1), and is not stayed by the filing of a bankruptcy

4   petition. *In re Capgro Leasing Associates,* 169 B.R. 305, 315-316 (E.D. N.Y. 1994).

5   **B.     Alternatively, a Number of Equitable Factors Recognized by Bankruptcy Courts
        Warrant a Temporary Lifting of the Automatic Stay to Enter Final Judgment in *LAI v.
6       WANG, et al.,* Santa Clara County Superior Court Case No. 17CV308093**

7           **1.     Only the Bankruptcy Court Has Authority to Grant Relief From the Automatic
                Stay**

8
9           Only the court presiding over the bankruptcy proceeding has the authority to grant any relief

10  from the automatic stay. This follows both from the language of § 362(d) (providing for "the court"

11  to grant relief, in a context plainly referring to the bankruptcy court) and from the purpose of the

12  automatic stay, protecting the jurisdiction of the bankruptcy court. See *In re Benalcazar,* 283 B.R.

13  514, 521-522 (Bankr.N.D. Ill. 2002); *Sunshine Development, Inc. v. FDIC,* 33 F.3d 106, 114 (1st

14  Cir.1994) ("While the stay ensures that most matters related to the debtor's estate will come under

15  the wing of a single bankruptcy court in the first instance, further provisions of the same statute

16  permit the bankruptcy court to relax the automatic stay under enumerated conditions.") (footnote

17  omitted). The decisions are uniform in finding exclusive bankruptcy jurisdiction to grant relief from

18  the stay. See, e.g., *Cathey v. Johns–Manville Sales Corp.,* 711 F.2d 60, 62–63 (6th Cir.1983);

19  *Constitution Bank v. Tubbs,* 68 F.3d 685, 691 (3d Cir.1995) ( "Relief from the stay can be granted

20  only by the bankruptcy court having jurisdiction over a debtor's case.").

21  _____

22      [5](...continued)
    motion of defendants MOORE and MELEN in its entirety and of defendant WANG on the cause of
23  action for malicious prosecution, abuse of process and conspiracy but not on the contract and fraud
    causes of action. A true and correct copy of Santa Clara County's Judge Kirwin's May 9, 2019 Order
24  is attached as Exhibit E to Moore Decl.

25      [6]     On May 10, 2023, the Sixth District Court of Appeal affirmed Judge Kirwin's May 9, 2019
    granting of the special motion to strike and reversed Judge Kirwin's May 9, 2019 Order denying
26  WANG's special motion to strike as to the fraud, breach of contract, and common counts causes of
    action and directed a new order granting WANG's anti-SLAPP motion. A true and correct copy of the
27  May 10, 2023 Sixth District Court of Appeal Opinion in Case No. H047118 is attached as Exhibit F to
    Moore Decl.

28  _____

*In re XIAOYONG LAI*                                                          *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                              Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

Case: 23-51382    Doc# 24    Filed: 12/11/23    Entered: 12/11/23 13:42:53    Page 17 of
                                              30

7

**2. Good Cause Exists to Lift the Automatic Stay to Allow Entry of Judgment**

To obtain relief from the automatic stay, the party seeking relief must first establish a *prima facie* case that "cause" exists for relief under § 362(d)(1). *Mazzeo v. Lenhart (In re Mazzeo),* 167 F.3d 139, 142 (2nd Cir.1999); *Duvar Apt., Inc. v. Fed. Deposit Ins. Corp. (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996). Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is not warranted. § 362(g)(2). *Id.* A *prima facie* case requires the movant to establish "a factual and legal right to the relief that it seeks." *In re Elmira Litho, Inc.,* 174 B.R. 892, 902 (Bankr.S.D.N.Y.1994); see *In re Planned Systems, Inc.,* 78 B.R. 852, 859–60 (Bankr.S.D.Ohio 1987). See generally, 3 Collier on Bankruptcy ¶ 362.10, at 362–117 (Alan N. Resnick & Henry J. Sommers eds., 15th ed. rev.2003).

"Neither the statute nor the legislative history defines the term 'for cause' and the legislative history gives only very general guidance." *In re Sonnax Industries, Inc.,* 907 F.2d 1280, 1285 (2d Cir. 1990). As such, "the 'facts of each request will determine whether relief is appropriate under the circumstances.' " *Id.* at 1286 (quoting H.R.Rep. No. 95–595, at 343–44 (1977), reprinted in 1978 U.S.C.C.A.N. 6300).

"Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." *In re MacDonald,* 755 F.2d 715, 717 (9th Cir.1985); accord *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. P'ship),* 30 F.3d 734, 737 (6th Cir.1994); *Pursifull v. Eakin,* 814 F.2d 1501, 1504 (10th Cir.1987); *cf. In re Holtkamp,* 669 F.2d 505, 507 (7th Cir.1982) ("[T]he statute commits the decision of whether to lift the stay to the discretion of the bankruptcy judge ....").

In *In re Sonnax,* the Second Circuit recognized the following factors (the "*Sonnax* factors") as relevant to deciding whether to allow litigation involving the debtor to proceed in an alternate forum:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment

*In re XIAOYONG LAI*
*WANG, et al., v. XIAOYONG LAI*
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY

*Chapter 11* Case No. 23-51382
Adv. Proceeding Case No. 23-05101

Case 23-51382  Doc# 24  Filed 12/11/23  Entered 12/11/23 13:42:53  Page 18 of 30

8

claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Sonnax,* 907 F.2d at 1286.

"Not all of these factors will be relevant in every case," but they guide the court's analysis. *In re Mazzeo,* 167 F.3d at 143.[7]

(a) **Allowing a Judgment to be Entered in the Santa Clara Superior Court in** *LAI v. WANG, et al.,* **Santa Clara County Superior Court Case No. 17CV308093 Favorably Meet Many of the Second Circuit's "***Sonnax* **Factors"**

As noted above, a judgment of dismissal for CREDITORS as prevailing parties in *LAI v. WANG, et al.*, Santa Clara County Superior Court Case No. 17CV308093 is overwhelmingly a ministerial act given that the merits of the litigation were rendered initially in the Santa Clara Superior Court's May 16, 2019 Order granting CREDITORS' special motion to strike under the anti-SLAPP statute in part, affirmed on May 10, 2023, by the Sixth District Court of Appeal which then also reversed that portion of the May 9, 2019 Order denying WANG's special motion to strike as to the fraud, breach of contract, and common counts causes of action and directing a new order granting WANG's anti-SLAPP motion. (See Adversary Proceeding Complaint (Case No. 23-05101), p. 13, ¶¶47-49 and Exhibits I and J thereto [Exhibits E and F to Moore Decl.].)

Thus, an entry of a judgment on the May 16, 2019 Order, the May 10, 2023 Opinion and subsequent order by the Superior Court granting WANG's special motion to strike on July 21, 2023 (see Proposed Judgment, p. 2) and the November 21, 2023 Tentative Ruling (Exhibit A), November 21, 2023 Minute Order (Exhibit B) and the December 8, 2023 Order (Exhibit C) fixing attorneys' fees and costs as of that date (November 21, 2023) would result in a complete resolution of the issues in *LAI v. WANG, et al.*, Santa Clara County Superior Court Case No. 17CV308093 under the

---

[7] The two most important factors the Ninth Circuit has focused on among factors appropriate to consider in determining whether relief from the automatic stay should be granted to allow state court proceedings to continue are considerations of judicial economy and the expertise of the state court, see *In re MacDonald,* 755 F.2d at 717, as well as prejudice to the parties and whether exclusively bankruptcy issues are involved, see *Ozai v. Tabuena (In re Ozai),* 34 B.R. 764, 766 (9th Cir. BAP1983). These are equivalent to fourth, tenth and twelfth Sonnax factors and the first of the three Fourth District factors (see *infra*.)

*In re XIAOYONG LAI*                                                          *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                        Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY—MEMO OF P&A'S IN SUPPORT OF

9

1 first *Sonnax* factor.[8]

2      There is a connection with this bankruptcy case, but no interference with this bankruptcy

3 case in the entry of a judgment in *LAI v. WANG, et al.*, Santa Clara County Superior Court Case No.

4 17CV308093 under the second *Sonnax* factor. The connection is that CREDITORS contend that the

5 Superior Court and Sixth Appellate District's rulings that LAI had no conclusive evidence that

6 WANG, MOORE and MELEN had engaged in "criminal conduct" nor that they had conceded such

7 and the rulings that LAI could not even demonstrate a probability of prevailing on the merits of his

8 causes of action for abuse of process, malicious prosecution and conspiracy to commit same against

9 CREDITORS by showing that his claims had at least "minimal merit"[9], necessarily means that LAI

10 is collaterally estopped from claiming otherwise. This contention supports CREDITORS' claim that

11 the debt is "for willful and malicious injury by the debtor to another entity or to the property of

12 another entity" as non-dischargeable under 11 U.S.C. § 523(a)(6), though the willful and malicious

13 injury analysis is not entirely reliant on the doctrine of collateral estoppel. (Moore Decl., and

14 Adversary Proceeding Complaint (Case No. 23-05101), p. 32-36, 39-41, ¶¶109-121, 134-138 and

15 Exhibits I and J thereto [Exhibits E and F to Moore Decl.].)

16      There is no interference with this bankruptcy case given that the "final determination"

17 feature of collateral estoppel is purely a matter of state law[10] and in California, final determination

18 on the merits necessary for application of res judicata or collateral estoppel can be judgment,

19 motion, or order that determines substantial matter of right on issues of law or fact. *People v. Howie,*

20 41 Cal.App.4th 729, 736-737 (1995). LAI exhausted his appeals on the merits of the SLAPP suit as

21 the Sixth Appellate District already ruled on the issues. (Moore Decl., and Exhibit F thereto.)

22 _____

23     [8]    As explained infra, CREDITORS intend to pursue additional costs and attorneys' fees under California statutory authority should they prevail on their Adversary Proceeding Complaint (Case

24 No. 23-05101).

25     [9]    *Bonni v. St. Joseph Health System,* 11 Cal.5th 995, 1009 (2021). That burden has been described as "a low one, requiring only a showing that a cause of action has at least 'minimal merit

26 within the meaning of the anti-SLAPP statute' " *Monster Energy Co. v. Schechter,* 7 Cal.5th 781, 793 (2019).

27     [10]    In determining the application of collateral estoppel, federal courts must, as a matter of

28 full faith and credit, apply the state's law of collateral estoppel. *In re Bugna,* 33 F.3d 1054, 1057 (9th Cir.1994) (citing 28 U.S.C. § 1738.)

*In re XIAOYONG LAI*          Chapter 11 Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*          Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO ASSIGNITORS

10

Whether or not a judgment of dismissal is entered will not deprive CREDITORS of the application of the doctrine of collateral estoppel on the grounds that a final judgment has yet to be entered. Thus the second *Sonnax* factor is favorable to the CREDITORS.

So is the third *Sonnax* factor: the judgment does, in fact, involve Debtor LAI as a fiduciary.[11] LAI was WANG's family law attorney. Not only did he abandon her[12] as her lawyer in the middle of a divorce proceeding, he accused her of lying to the very court he was representing her in and accused her of the crimes of "extortion," "perjury" and "forgery," attacking her credibility after threatening her in writing he would do so. (Moore Decl. and Adversary Proceeding Complaint (Case No. 23-05101), pp. 7-9, 23-24, 26, ¶¶23, 26-29, 33, 82, 90 and Exhibit A [WANG Decl., p. 6, ¶18 and Exhibit H thereto] and Exhibit C, p. 7, ¶¶26, 47 thereto.)

The fourth *Sonnax* factor also presents favorably to CREDITORS. California courts are uniquely designed to adjudicate anti-SLAPP statutes given the prevalence of the statute's use. Indeed, while bankruptcy courts have applied California's anti-SLAPP statutes to pendent state claims, the Ninth Circuit has held that the anti-SLAPP statute may not be applied to matters involving federal questions, particularly those involving federal questions of bankruptcy law. *In re Bah,* 321 B.R. 41, 46 (9th Cir. 2005).

The tenth *Sonnax* factor is also in favor of the CREDITORS. LAI's lawsuit, as misguided as it was, was nothing more than a garden-variety fee dispute that he took to extreme lengths. It lasted for over six years and, despite CREDITORS' attempts to reign-in LAI's abuses of process, the Santa Clara County Superior Court has yet to rid this case from its docket. The Santa Clara County

---

[11] The attorney-client relationship is a fiduciary one that imposes on the attorney duties of confidentiality and loyalty to the client. *Gutierrez v. Girardi*, 194 Cal.App.4th 925, 932 (2011); *Zador Corp. v. Kwan*, 31 Cal.App.4th 1285, 1293 (1995). The duty of loyalty requires the attorney " 'to protect his client in every possible way, and it is a violation of that duty for him to assume a position adverse or antagonistic to his client without the latter's free and intelligent consent.' " *Santa Clara County Counsel Attys. Assn. v. Woodside*, 7 Cal.4th 525, 548 (1994) (superceded by statute on other grounds, *Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.,* 35 Cal.4th 1072, 1077 (2005).) Both duties survive termination of the attorney-client relationship. *Oasis West Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011).

[12] In California, client abandonment is "serious misconduct that constitutes a breach of the fiduciary duty owed by an attorney to the client and, accordingly, warrants substantial discipline." *Stanley v. State Bar,* 50 Cal.3d 555, 566 (1990).

*In re XIAOYONG LAI*                                                                     Chapter 11 Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                                Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY MEMO OF P'S & A'S IN SUPPORT

11

Superior Court has a substantial interest to bring this case to a close and the interests of judicial economy and the expeditious and economical resolution of litigation trends in favor of allowing CREDITORS to put the final nail in the coffin of this case by having judgement entered now as opposed to substantially later when the Chapter 11 petition is finished. "It is in the public interest, including the court's interest in the efficient and economical administration of justice and the parties' interest in the prompt and affordable resolution of unmeritorious cases, to expeditiously rid the judicial system of a case in which a party is entitled to judgment as a matter of law, without requiring protracted litigation. . . ." *Juge v. County of Sacramento,* 12 Cal.App.4th 59, 70 (1993).

Finally, the eleventh *Sonnax* factor is also in favor of the CREDITORS. As required by California's Rules of Court, MOORE kept LAI informed of the Proposed Order and the Proposed Judgment he had prepared and sent for LAI to review and oppose if he should decide there were grounds to do so in good faith. He never objected to the forms of these Proposed Order and the Proposed Judgment. Rather, he timed his Chapter 11 petition so that the automatic stay could take effect before the Santa Clara Superior Court could act on these ministerial requirements to make judgment final. This is in keeping with LAI's tactics throughout litigating his false, frivolous and malicious claims against WANG, MOORE and MELEN in *LAI v. WANG, et al.*, Santa Clara County Superior Court Case No. 17CV308093. (Moore Decl.) If left to his own devices, LAI will continue to toy with the administration of justice in the Santa Clara County Superior Court or any other tribunal he decides to represent himself in. *Id.*

The impact on the CREDITORS in preventing entry of judgment means that MOORE must continue to represent WANG and MELEN for a much longer duration than any of these three individuals ever contemplated. (Moore Decl.) The only hardship to LAI for the entry of judgment in the Santa Clara County Superior Court is whether or not to perfect an appeal of the December 8, 2023 Order (Exhibit C) granting fees and costs, an action which itself would be frivolous since, as Judge Manoukian found, LAI ***presented no evidence*** (whether or not admissible) that supported any of his arguments in opposing the motion for fees. (Exhibit C, p. 5[13].) In short, there is little impact

---

[13] "Unsupported argument of counsel is not evidence. (*Davenport v. Blue Cross of* (continued...)

*In re XIAOYONG LAI*                                                                 *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                          Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF P'S & A'S IN SUPPORT

12

on LAI since he has nothing meritorious to appeal and the balance of harms are clearly against the CREDITORS for prolonging finality of the  case *LAI v. WANG, et al.*, Santa Clara County Superior Court Case No. 17CV308093.

**(b)** **Allowing a Judgment to be Entered in the Santa Clara Superior Court in *LAI v. WANG, et al.,* Santa Clara County Superior Court Case No. 17CV308093 Favorably Meet All Three Factors Set Forth by the Fourth Circuit**

The Fourth Circuit applies three criteria.  In making the determination of whether cause exists to grant stay relief to allow the litigation of an issue in the state court, the Court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied. *Robbins v. Robbins,* 964 F.2d 342, 345 (4th Cir. 1992).

The following factors have been used to apply this balancing test:

(1) Whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because the matter would have to be litigated in the bankruptcy court; and (3) whether the estate can be protected properly by a requirement that the creditor seek enforcement of any judgment through the bankruptcy court.

*Id.*; see also *In re Lee,* 428 B.R. 667, 670 (Bankr.D.S.C. 2009) (citing cases).

**(i)** **CREDITORS Will Face the Likely Hardship of Uncertainty Over Statutory Rights if the Finality of Judgment as Prevailing Parties Under the anti-SLAPP Statute Remains Unresolved**

As prevailing parties under California's anti-SLAPP statute, CREDITORS were entitled to an award of attorneys' fees under Code of Civil Procedure section 425.16, subdivision (c).  Such fee awards are mandatory. "[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred *in enforcing the right to mandatory fees* under Code of Civil Procedure section 425.16." *Ketchum v. Moses,* 24 Cal.4th 1122, 1141 (2001) (emphasis

---

[13](...continued)
*California* (1997) 52 Cal.App.4th 435, 454; *Estate of Nicholas* (1986) 177 Cal.App.3d 1071, 1090.) If plaintiff wished to dispute the reasonableness of the hourly rate (which this Court believes it is not unreasonable) or that the work performed was unnecessary, it was his obligation to provide competent evidence documenting the contention. (See *Kerkeles v. City of San José* (2015) 243 Cal.App.4th 88, 105.)" *Id.*

*In re XIAOYONG LAI*                                                      *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                   Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY / MEMO OF P's & A's IN SUPPORT

Case 23-51382  Doc# 24  Filed 12/11/23  Entered 12/11/23 13:42:53  Page 23 of 30

13

1   added).

2       As we explained in *Serrano IV, supra,* 32 Cal.3d at page 639, 186 Cal.Rptr. 754, 652
        P.2d 985, "follow[ing] the rule of the overwhelming majority of courts that have
3       considered the question .... [w]e hold ... that, absent circumstances rendering the
        award unjust, fees recoverable ... ordinarily include compensation for all hours
4       reasonably spent, *including those necessary to establish and defend the fee claim.*"
        The amount of litigation on this issue typically lies in the plaintiff's hands: having
5       litigated the matter tenaciously, Ketchum " 'cannot ... be heard to complain about the
        time necessarily spent by the [defendant] in response.' " (*Id.* at p. 638, 186 Cal.Rptr.
6       754, 652 P.2d 985.)

7   *Ketchum v. Moses, supra,* 24 Cal.4th at 1141 (emphasis added).

8       "This statement [in *Ketchum*], although contained in a footnote, is not dicta." *York v. Strong*

9   (2015) 234 Cal.App.4th 1471, 1477. See also *Wanland v. Law Offices of Mastagni, Holstedt &*

10  *Chiurazzi,* 141 Cal.App.4th at 22 (holding that defendants could seek their attorney fees incurred in

11  opposing a stay of enforcement of a judgment awarding attorney fees under § 425.16, subd. (c).)

12      Moreover, California Code of Civil Procedure section 685.040 provides prevailing parties

13  under the anti-SLAPP statute an award of "collection" fees as postjudgment costs of enforcing the

14  judgment as fees that may also be recovered. The statute provides that attorney fees incurred in

15  enforcement efforts "are not included in costs collectible under this title unless otherwise provided

16  by law." Under its provisions, a litigant entitled to costs for successfully enforcing a judgment is

17  entitled to costs, but not attorney fees unless there is some other legal basis for such an award.

18  California courts have ruled that Code of Civil Procedure section 425.16, subdivision (c) is such a

19  statute that provides the legal basis for fees incurred to enforce a judgment for fees and costs under

20  the anti-SLAPP statute. *Ketchum, supra,* 24 Cal.4th at 1122, 1141 & fn. 6; (attorney fees incurred in

21  regard to previous award of fees under anti-SLAPP statute are recoverable under § 685.040);

22  *Wanland, supra,* 141 Cal.App.4th 15, 22–23 (expenses of enforcing anti-SLAPP attorney fees award

23  are recoverable under § 685.040); *Lucky United Properties Investment, Inc. v. Lee,* 185 Cal.App.4th

24  125, 138 (2010).

25      Finally, when postjudgment enforcement costs are allowed, they become part of the principal

26  amount of the judgment. Cal. Code Civ. Proc., § 685.070, subd. (d), § 685.090, subd. (a); *David S.*

27  *Karton, A Law Corp. v. Dougherty*, 171 Cal.App.4th 133, 147 (2009). Therefore, interest accrues

28  upon those costs at the rate of ten percent per annum.  Cal. Code Civ. Proc., § 685.010, subd. (a).

*In re XIAOYONG LAI*                                                    *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                          Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED AS TO STATE COURT ACTIONS

Case 23-51382   Doc# 24   Filed 12/11/23   Entered 12/11/23 13:43:53   Page 24 of
30

14

CREDITORS face a quandary of sorts due to the existence of the two very different vehicles for them to pursue an award of additional attorneys' fees should they prevail on their Adversary Proceeding Complaint (Case No. 23-05101) while the status of the case in *LAI v. WANG, et al.,* Santa Clara County Superior Court Case No. 17CV308093. CREDITORS remain in limbo as to whether to rely on the current status quo (November 21, 2023 Tentative Ruling (Exhibit A), November 21, 2023 Minute Order (Exhibit B) and the December 8, 2023 Order (Exhibit C)) or a final judgment through entry of the Proposed Judgment (Exhibit D) as to what statutory rights they are to pursue in the future should judgment not be entered.

This quandary is compounded by other California law that will apply to their specific situation. The time limits imposed by rule 3.1702[14] of the California Rules of Court for filing a motion for attorney fees under section 425.16, subdivision (c) do not commence to run until entry of judgment at the conclusion of the litigation. This interpretation of rule 3.1702 is consistent not only with the rule's history and underlying policy, but also with existing law and practice. *Carpenter v. Jack in the Box Corp.,* 151 Cal.App.4th 454, 468 (2007).

---

[14] Rule 3.1702 states in relevant part:

(a) Application

Except as otherwise provided by statute, this rule applies in civil cases to claims for statutory attorney's fees and claims for attorney's fees provided for in a contract. Subdivisions (b) and (c) apply when the court determines entitlement to the fees, the amount of the fees, or both, whether the court makes that determination because the statute or contract refers to "reasonable" fees, because it requires a determination of the prevailing party, or for other reasons.

(b) Attorney's fees before trial court judgment

(1) Time for motion

A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court-including attorney's fees on an appeal before the rendition of judgment in the trial court-must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case or under rules 8.822 and 8.823 in a limited civil case.

*In re XIAOYONG LAI*                                                                 *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                         Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY / MEMO OF P's & A's IN SUPPORT

Case 23-51382   Doc# 24   Filed 12/11/23   Entered 12/11/23 13:42:53   Page 25 of 30

15

The automatic stay of section 362(a)(1) of title 11 of the United States Code does not toll the running of the period of time in which CREDITORS are required to file any pre-judgment motion for additional attorney fees under rule 3.1702(b). *Lewow v. Surfside III Condominium Owners' Assn., Inc.,* 203 Cal.App.4th 128, 132 (2012) (*Lewow*, citing March et al., *Cal. Practice Guide: Bankruptcy* (The Rutter Group 2011) ¶ 3:175, p. 3-26 (rev. # 1, 2011).) *Lewow*, however, held: "'Section 108(c)(2) would have acted to extend the time to file a [motion for attorney fees] until 30 days after notice of the lifting of the automatic stay, if that date were later than the end of the time period otherwise provided for filing a [motion for attorney fees].' (Citations omitted.)" *Id.,* at 134.

By contrast, California Code of Civil Procedure section 685.040 provides, in part: "The judgment creditor may claim costs authorized by Section 685.040 by noticed motion. The motion shall be made before the judgment is satisfied in full, but not later than two years after the costs have been incurred." Hence, if the automatic stay is temporarily lifted to accomplish the entry of judgment and then put back in place until further order of this Court, CREDITORS could have some level of assurance of what statutory rights they can pursue should they prevail on their Adversary Proceeding Complaint and what deadlines apply for the type of costs claimed.[15]

Should CREDITORS prevail on their Adversary Proceeding Complaint (Case No. 23-05101), CREDITORS have every intention on pursuing the additional fees and costs incurred in litigating this matter against LAI under these authorities. Having entry of judgment accomplished through a temporary lift of the stay and then put back in place would eliminate the kind of uncertainty that will exist on which of these statutory rights govern (Cal. Code Civ. Proc., § 425.16, subd. (c) or § 685.040).

      **(ii)**      **Entering Judgment in Santa Clara Superior Court Involves Only State Law**

As reflected in the Santa Clara Superior Court's November 21, 2023 Minute Order (Exhibit

---

[15]    CREDITORS bring to the attention of this Court that the Eastern District of California has in the past granted a lift of the automatic stay for a prevailing party to pursue a motion for attorneys' fees under California's SLAPP statute in *In re Healy,* 2013 WL 2308472, *2 (Bankr.E.D. Cal. March 29, 2013). There, before the creditor's motion for fees and costs could be heard, the debtor filed his first bankruptcy case. The creditor sought and received relief from the automatic stay to go forward with the hearing on her motion for fees and costs.

*In re XIAOYONG LAI*                                *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                    Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

Case: 23-51382   Doc# 24   Filed: 12/11/23   Entered: 12/11/23 13:42:53   Page 26 of 30

16

B), the Santa Clara Superior Court had scheduled a "Dismissal Review on 28 February 2024 at 10:00 AM" to enter a judgment, but that proceeding will not occur due to the automatic stay. Thus, CREDITORS seek to present the Proposed Judgment (Exhibit D) for signature by Judge and filing by the clerk so that they can then prepare and file a notice of entry of judgment pursuant to Code of Civil Procedure section 664.5, subdivision (a).[16] (Moore Decl.)

The bankruptcy court's handling of a very similar disposition in *In re Thomas*, 2018 WL 6990593 (Bankr.W.D. Tenn. October 18, 2018) is instructive. There, the bankruptcy court granted creditors' relief from the bankruptcy automatic stay so that they could pursue an appeal involving purely State law issues that had already been pending and decided by the lower Tennessee State Court. Such issues involved pure questions of Tennessee State law and not federal bankruptcy law. It noted that a bankruptcy court is not the appropriate forum for reviewing (and reversing, modifying, or affirming) state court decisions and, therefore it was appropriate to grant relief from

---

[16] California's Code of Civil Procedure section 664.5 states:

(a) In any contested action or special proceeding other than a small claims action or an action or proceeding in which a prevailing party is not represented by counsel, the party submitting an order or judgment for entry shall prepare and serve, a copy of the notice of entry of judgment to all parties who have appeared in the action or proceeding and shall file with the court the original notice of entry of judgment together with the proof of service. This subdivision does not apply in a proceeding for dissolution of marriage, for nullity of marriage, or for legal separation.

(b) Promptly upon entry of judgment in a contested action or special proceeding in which a prevailing party is not represented by counsel, the clerk of the court shall serve notice of entry of judgment to all parties who have appeared in the action or special proceeding and shall execute a certificate of service and place it in the court's file in the cause.

(c) For purposes of this section, "judgment" includes any judgment, decree, or signed order from which an appeal lies.

(d) Upon order of the court in any action or special proceeding, the clerk shall serve notice of entry of any judgment or ruling, whether or not appealable.

(e) The Judicial Council shall provide by rule of court that, upon entry of judgment in a contested action or special proceeding in which a state statute or regulation has been declared unconstitutional by the court, the Attorney General is promptly notified of the judgment and that a certificate of that service is placed in the court's file in the cause.

(Cal. Code Civ. Proc., § 664.5.)

*In re XIAOYONG LAI*                                                                 *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                          Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

17

Case: 23-51382    Doc# 24    Filed: 12/11/23    Entered: 12/11/23 13:42:53    Page 27 of 30

the automatic stay "for cause" to allow the parties to proceed in the State Court to finality and conclude pending state law matters, which, like here, had been active in the State Court for years. *In re Thomas,* at *3.

### (iii)   The Second Fourth Circuit Factor Favors CREDITORS

Whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because the matter would have to be litigated in the bankruptcy court, the second Fourth Circuit factor, is similar to the fourth, tenth and twelfth *Sonnax* factors and for the reasons set forth above, they favor CREDITORS.

### (iv)   The Third  Fourth Circuit Factor Favors CREDITORS

The third Fourth Circuit factor, whether the estate can be protected properly by a requirement that the creditor seek enforcement of any judgment through the bankruptcy court, is also met.  It is precisely the remedy CREDITORS are pursuing in their Adversary Proceeding Complaint, a judicial determination that  LAI's indebtedness to them as of November 27, 2023, in the amount of $173,903.12 plus additional costs and attorneys' fees, in an amount to be determined, is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(6). (Moore Decl., and Adversary Proceeding Complaint (Case No. 23-05101), p. 43, V. PRAYER,, ¶1.)   Once the ministerial acts of entering judgment in the Santa Clara Superior Court have been accomplished, the automatic stay will be in effect and, as CREDITORS have expressly stated in their Prayer in the Adversary Proceeding Complaint (Case No. 23-05101), they "consent to entry of a final order or judgment by the Bankruptcy Court, reserving to all parties the right to appeal from such verdict because of errors in the trial. . . ." (*Id.*)  Nevertheless, because LAI sought filed his Chapter 11 petition before judgment could be finalized in the Santa Clara Superior Court, CREDITORS respectfully request that the be permitted to petition for additional fees and costs in the Santa Clara Superior Court since November 21, 2023, under California Code of Civil Procedure section 425.16, subdivision (c), based on the authorities cited above (*Ketchum v. Moses, supra,* 24 Cal.4th at 1141).

///

///

*In re XIAOYONG LAI*                                                    *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                 Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

18

Case: 23-51382   Doc# 24   Filed: 12/11/23   Entered: 12/11/23 13:42:53   Page 28 of 30

## <u>CONCLUSION</u>

For the reasons set forth herein, CREDITORS respectfully submit that the December 8, 2023 Order (Exhibit C) and the Proposed Order (Exhibit D) are ministerial and should fall within the ministerial act exception to the automatic stay. If so, CREDITORS request an order from this Court adjudicating so, and CREDITORS will then seek leave under a separate motion to lift the stay to fix their additional fees and costs under Code of Civil Procedure section 425.16, subdivision (c). Alternatively, if this Court determines that the Proposed Order requires further relief in the form of a temporary lifting of the automatic stay to enter final judgment in *LAI v. WANG, et al.,* Santa Clara County Superior Court Case No. 17CV308093, CREDITORS submit they have amply demonstrated the right to such relief including a petition for post-November 21, 2023 fees and costs.

Dated: December 11, 2023                    Law Offices of Frank S. Moore


*/s/Frank S. Moore*
Frank S. Moore
Attorney for Creditors
WANG, MOORE and MELEN

*In re XIAOYONG LAI*                                                                                  *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                                          Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

Case: 23-51382    Doc# 24    Filed: 12/11/23    Entered: 12/11/23 13:42:53    Page 29 of 30

19

## CERTIFICATE OF SERVICE

This is to certify that on the 11th day of December 2023, I electronically filed the foregoing NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT using the Court's CM/ECF filing system which sends notification of such filing to all parties and/or counsel of record.

Arasto Farsad
Farsad Law Office, P.C.
1625 The Alameda, Suite 525
San Jose, CA 95126
408-641-9966
Email: farsadecf@gmail.com

Counsel for Debtor XIAOYONG LAI

Paul Gregory Leahy
Office of the United States Trustee
280 South First Street
Room 268
San Jose, CA 95113
408-535-5535
Email: Paul.Leahy@usdoj.gov

Counsel for Office of the U.S. Trustee

Dated: December 11, 2023

Law Offices of Frank S. Moore

*/s/Frank S. Moore*
Frank S. Moore
Attorney for Creditors
WANG, MOORE and MELEN

*In re XIAOYONG LAI*                                                      *Chapter 11* Case No. 23-51382
*WANG, et al., v. XIAOYONG LAI*                                    Adv. Proceeding Case No. 23-05101
CREDITORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMO OF PS & AS IN SUPPORT

20

Case: 23-51382    Doc# 24    Filed: 12/11/23    Entered: 12/11/23 13:42:53    Page 30 of 30